## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Vaughn

v.

McGrew et al.

January 12, 1988

Case No. (Chancery) 24806

By JUDGE RUSSELL I. TOWNSEND, JR.

Ronnie R. Rexroat and Patricia A. Wimberly Rexroat were married after August 23, 1977, when the real property in question was deeded to them as tenants by the entirety. Under such circumstances, they would hold the property as tenants in common and a judgment creditor could obtain a lien against the interest of either of them.

The Court has, therefore, reconsidered defendants' demurrer and motion for summary judgment. As it appears complainant has admitted that the support order of the Juvenile and Domestic Relations District Court of the City of Virginia Beach entered on November 1, 1978, is the source of her assertion of a lien against the property, no material fact necessary to a decision on the motion for summary judgment would seem to be genuinely in dispute.

Accordingly, the Court has considered the impact of Code Section 8.01-460 as it relates to the issue raised by defendants' pleadings. It is the opinion of the Court that the Code section does not require an order providing for the docketing of a judgment for arrearages before such a judgment may be docketed thereby creating a lien on the real estate of the obligor. Stated differently,

the docketing need not be ordered before a judgment for arrearages can be docketed. The Court reaches this conclusion notwithstanding that the order provides for the arrearage to be paid in future installments. Simply, the Court finds that the statute makes different provisions for liens following an adjudication of delinquency than for orders, decrees or judgments relating exclusively to prospective payments for support. Furthermore, it is the opinion of the Court that an order adjudicating an obligor delinquent does not become a decree, order or judgment payable in future installments within the language of Code Section 8.01-460 and thereby subject to the requirement for Court ordered docketing simply because the delinquency is ordered to be paid in future installments. This Court concludes that an order providing for payment of a delinquency in future installments simply imposes an additional obligation upon the obligor which upon violation may be the subject of a show cause for contempt. Otherwise, such an order does not limit the prerogatives of the obligee in attempting collection. Of course, under the provisions of the last sentence of the Code section, a court may release or modify a lien obtained by reason of an adjudication of delinquency.

The demurrer and motion for summary judgment filed by the defendants are, therefore, respectively overruled and denied. It follows that defendants' prayer for costs and attorney's fees under Code Section 8.01-271.1 is also denied.

Both the demurrer and the motion for summary judgment assert the position that the order of the Virginia Beach Court created no lien at all against the property in question upon being docketed. Therefore, this Court was not called upon and has not specifically ruled whether the provision for $50.00 weekly support payments in the order created a lien against the property upon being docketed.